UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ERIC-JOSHUA MAPES,

    Plaintiff,

    v.                          Case No. 2:25-CV-404-GSL-JEM

INDIANA COURT OF APPEALS, *et al.*,

    Defendants.

**OPINION AND ORDER**

This matter is before the Court *sua sponte* on the issue of subject matter jurisdiction, which the Court has an ongoing duty to police. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

Under the Rooker-Feldman doctrine, federal courts do not have jurisdiction to review the judgments of state courts. *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011). In other words, this Court cannot hear cases brought by persons who lose in state-court "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quoting *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008)).

Plaintiff alleges that Indiana's Court of Appeals has placed a filing restriction on him and denied accommodations that Plaintiff requested under the Americans with Disabilities Act. Indeed, in *Mapes v. Carroll County*, Indiana's Court of Appeals placed multiple restrictions on Plaintiff's ability to interact with the state courts, finding that Plaintiff was a prolific and abusive litigant. 266 N.E.3d 283, 285–87 (Ind. Ct. App. 2025). Essentially, Plaintiff is asking this Court to alter the decision of the Indiana Court of Appeals. As such, this case falls squarely within the

type of cases that are covered by the Rooker-Feldman doctrine, so the Court lacks subject matter jurisdiction to hear it.

In an ordinary case, a plaintiff should have an opportunity to amend their complaint to cure a jurisdictional defect. *Joyce v. Joyce*, 975 F.2d 379, 386 (7th Cir. 1992). However, where "the defect is clearly incurable," the Court may dismiss a lawsuit *sua sponte* without prior notice and without an opportunity to be heard. *Id.* Giving Plaintiff the relief he seeks would require the Court to review and reject the decision of the Indiana Court of Appeals. The jurisdictional defect here is clearly incurable.

Therefore, the Court hereby **DISMISSES without prejudice for lack of subject matter jurisdiction** this cause of action.

SO ORDERED.

ENTERED: October 10, 2025

/s/GRETCHEN S. LUND
Judge
United States District Court