UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ERIC-JOSHUA MAPES,

    Plaintiff,

    v.

INDIANA COURT OF APPEALS *et al.*,

    Defendants.

Case No. 2:25-CV-00404-GSL-JEM

## OPINION AND ORDER

This matter is before the Court on the Motion to Reconsider Dismissal Under Rule 59(e) and 60(b), with Request for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b) and Enforcement of Judicial Recusal Under 28 U.S.C. §§ 455 and 144 [DE 11] filed by Plaintiff, Eric-Joshua Mapes, on October 27, 2025. and November 3, 2025. For the following reasons, the Motion [DE 11] is **DENIED**.

### *Background*

Plaintiff, proceeding *pro se*, initiated this lawsuit on September 4, 2025. [DE 1]. Plaintiff's Complaint alleges violations of the Americans with Disabilities Act and the Rehabilitation Act by the Indiana Court of Appeals, and its employees, for barring filings which it deemed to be "procedurally barred or frivolous." [*Id*. at 3]. Because of this, the Indiana Court of Appeals placed a blanket filing restriction on Plaintiff, which he claims to be unlawful. [*Id.*].

On the same date, Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis [DE 2] which this Court denied on October 10, 2025, because it does not have subject matter jurisdiction over the claims in Plaintiff's Complaint. [DE 6]. There, the Court explained that under the Rooker-Feldman doctrine, federal courts do not have jurisdiction to review the judgments of state courts. *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645 (7th Cir. 2011).

Therefore, because this is an issue of jurisdiction, the Court was entitled to dismiss this matter *sua sponte*, and without giving Plaintiff the opportunity to amend, because such a defect is incurable. *Joyce v. Joyce*, 975 F.3d 379, 386 (7th Cir. 1992). Plaintiff is now challenging that decision and asking the Court to (1) reconsider its October 10, 2025 Order dismissing the case; (2) to certify the October 10, 2025 Order for interlocutory appeal; and (3) for the enforcement of judicial recusal.

### *Legal Standard*

Taking the issue of interlocutory appeal first: an interlocutory appeal occurs when an order is appealed while other aspects of the case are still ongoing. *See* 28 U.S.C. §1292. The October 10, 2025 Order dismissed Plaintiff's case, ending all proceedings. Therefore, there is no basis for an interlocutory appeal, and Plaintiff's request is denied. If he chooses to appeal an order at this point, he can do so pursuant to Fed. R. App. P. 4.

Next, under Rule 59(e), a party may file a motion to reconsider within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e). However, "relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case … " *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). These types of motions "serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). Specifically, "[a] Rule 59(e) motion will be successful only where the movant clearly establishes '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir.2012)).

*Discussion*

In the instant Motion, Plaintiff argues that the Court incorrectly applied the Rooker-Feldman doctrine and mistreated his "§1983 complaint as a collateral attack on a state court judgment." [DE 11 at 2]. Plaintiff claims that his Complaint was actually seeking "enforcement of independent federal rights." [*Id*.]. However, his argument as to how the Court allegedly misapplied the Rooker-Feldman doctrine and misinterpreted his Complaint, therefore committing a manifest error of law or fact ends there. He does not build upon this argument but rather discusses at length how he is entitled to judicial recusal in this matter. [*Id*. at 10-18].

*Conclusion*

For these reasons, the Court **DENIES** Plaintiff's Motion to Reconsider [DE 11]. His request for judicial recusal therein, is **DENIED as moot**.

SO ORDERED.

ENTERED: December 9, 2025

/s/ GRETCHEN S. LUND
Judge
United States District Court